# OREGON STATE BAR,
*Respondent,*

*v.*

# ORTIZ,
*Appellant.*

## (82-12-172; CA A33222)

713 P2d 1068

David S. Shannon, Portland, argued the cause for appellant. With him on the briefs were Mark A. La Mantia, and Shannon and Johnson, P.C., Portland.

Stewart A. Martin, Portland, argued the cause for respondent. With him on the brief was Danner, Scott & Martin, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Plaintiff brought this proceeding to enjoin defendant, a nonlawyer, from engaging in what the Bar contends is the unauthorized practice of law. For several years defendant has advised and assisted people—up to 35 per year—in the preparation of applications for citizenship and immigration visas. He is fluent in Spanish and English and also acts as a translator for his primarily Spanish-speaking clients. He charges fees for his services. Plaintiff prayed for injunctive relief. Defendant was held to have been practicing law, and an appropriate injunction was issued. We affirm.

In his two assignments of error, defendant argues that the injunction was improperly granted, because (1) the federal government has preempted the state's ability to regulate the practice of law in the immigration area; and (2) the state has failed to establish that he engaged in unauthorized practice.

■ The federal government has preempted much of the subject matter of immigration, naturalization and citizenship. However, the federal power is exclusive only in regard to making "a determination of who should or should not be admitted in the country and the conditions under which a legal entrant may remain." *De Canas v. Bica,* 424 US 351, 355, 96 S Ct 933, 47 L Ed 2d 43 (1976). As defendant points out, there are fairly extensive federal regulations which govern who may "represent"[1] others before agencies in immigration proceedings. 8 CFR § 292.1. Although the regulations define certain classes of lay people who may "represent" others, defendant does not qualify under any of the definitions. We do not understand him to contend that he does.

■ The question is whether defendant is immune from state regulation, even though he does not fit within the federal exceptions to the attorney requirement. An almost identical question has arisen in patent law cases. In *People by Lefkowitz v. Lawrence Peska Associates, Inc.,* 90 Misc 2d 59, 393 NYS2d 650 (1977), the court held that, although New York state does not have jurisdiction to regulate patent attorneys or patent agents who are registered with the Patent Office, the state can

---

[1] Representation is defined broadly by the regulations to include, *inter alia,* the preparation of documents on behalf of another. 8 CFR § 1.1(i), (k) and (m) (1985).

control the unlawful practice of law by nonregistered practitioners. The court noted that certain lay people are permitted to prepare patent applications, even though that might constitute the unauthorized practice of law, solely because they have federal authority to do so; however, when they lack that authority, the state can regulate their unauthorized practice. 90 Misc 2d at 62. In *In Re Amalgamated Development Co., Inc.*, 375 A2d 494 (DC Ct App), *cert den* 434 US 924 (1977), the court, after discussing the federal regulations allowing the lay practice of patent law, stated: "[I]f the federal government has *not* granted a license in this area, a state is free to enforce its own licensing regulations." 375 A2d at 497. (Emphasis in original.) By analogy, because defendant is not authorized by federal law to practice in immigration proceedings, he is subject to state regulation.

■     We now turn to defendant's second claim that plaintiff failed to prove that defendant had engaged in the unauthorized practice of law. The Bar relied primarily on the testimony of Manuel Gonzalez, a Mexican national in this country illegally who was involved in deportation proceedings at the time of trial. Gonzalez hired defendant in 1975 to help him obtain permanent resident status. At that time, Gonzalez, an agricultural worker, spoke little English and had less than a third-grade education. Defendant advised Gonzalez which initial application to file, to file a request for re-entry and to travel to Mexico for an embassy interview. Defendant also told Gonzalez that his application would be treated more favorably if he were to marry. Gonzalez paid defendant $1,000, more or less, for services rendered to him and his wife. Defendant does not dispute that he engaged in these and other activities alleged. However, the question is whether the activities constitute the unauthorized practice of law. From a *de novo* review of this record, we find that they do.

ORS 9.160[2] prohibits a nonattorney from engaging in the practice of law. Unfortunately, the statute fails to define the "practice of law." In the land title area, the Supreme Court

---

[2] ORS 9.160 provides:

"Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent himself as qualified to practice law unless he is an active member of the Oregon State Bar."

recognized the difficulty of forming a universal definition for the practice of law and set out a rule for the case before it:

"For the purposes of this case, we hold that the practice of law includes the drafting or selection of documents and the giving of advice in regard thereto any time an informed or trained discretion must be exercised in the selection or drafting of a document to meet the needs of the person served. The knowledge of the customer's needs obviously cannot be had by one who has no knowledge of the relevant law. One must know what questions to ask. Accordingly, any exercise of an intelligent choice, or an informed discretion in advising another of his legal rights and duties, will bring the activity within the practice of the profession. We reject such artificial or haphazard tests as custom, payment, * * * or the quality of being 'incidental.' * * *" *State Bar v. Security Escrows, Inc.*, 233 Or 80, 89, 377 P2d 334 (1962). (Footnotes omitted.)

On the other hand, filling in blanks under the direction of a customer on forms selected by the customer has been held not to to be the practice of law. *Oregon State Bar v. Fowler,* 278 Or 169, 563 P2d 674 (1977).

Here, the forms defendant selected and filled out for his clients are accompanied by detailed instructions which identify which forms to use and how to fill them out. Perhaps it does not require legal skill to fill out the forms, but an understanding of the consequences attendant on their completion and filing with the immigration service does require legal skill and judgment. The forms notify the immigration service that the alien is in the country, provide it with his home address and make deportation more likely if he is in the country illegally.

■ Expert testimony was presented that virtually no immigration case is routine and that immigration law is complex and constantly changing. Deciding what form to file and when to file it can make the difference between the success or failure of the application. Knowing the benefits for which an alien may be eligible for, the steps to take to obtain them and assessing the risk involved in applying for those benefits requires informed and trained legal judgment. Making the wrong choice can result in deportation, loss of continuous residency status and permanent loss of entry rights and may jeopardize other benefits. We hold that defendant was properly enjoined from advising clients about what benefits

are available, how to obtain those benefits and advising what forms to use.

It is significant that defendant also advised Gonzalez to marry so that he would improve his chances of having his application for a visa approved. Not only can it alter immigration rights, but one's marital status can also affect important property rights and create legal duties. Advising clients to marry to influence their immigration status requires an understanding and evaluation of the legal effects of marriage, as well as of immigration law.

We are satisfied that defendant's activities go far beyond merely "filling in blanks under the direction of a customer." We hold that the trial court's issuance of the injunction was proper.[3]

Affirmed.

---

[3] Other activities spelled out in the injunction are not at issue in this appeal. The injunction allows defendant latitude to continue assisting others in their efforts to obtain visas or citizenship. It specifically states:

"6. Notwithstanding the foregoing, this Judgment shall not be construed to prohibit:

"a) Defendant from translating, reading and explaining the immigration forms from the Department of State or Immigration and Naturalization Service of the United States Government.

"b) Assist in the completion of blank spaces in the above-named forms.

"c) Acting as a Notary Public.

"d) Informing people that forms are available from the Department of State and Immigration and Naturalization Service intended by those services to be made available to the public."